**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**EZZAT ADEL ABDALLA MAGLY**,

 *Petitioner*,

  v.              Case No. 2:26-cv-02949-BCL-cgc

**TODD BLANCHE**, Acting Attorney General
of the United States; **CHRISTOPHER BULLOCK,**
Field Office Director of the New Orleans Field
Office, U.S. Immigration and Customs
Enforcement; **TRINITY MINTER**, Warden,
Western Tennessee Detention Facility; **DAVID
VENTURELLA** Acting Director of U.S.
Immigration and Customs Enforcement; and
**MARKWAYNE MULLIN**, Secretary of the U.S.
Department of Homeland Security,

 *Respondents*.

---

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

---

Petitioner Ezzat Adel Abdalla Magly has filed a petition for writ of habeas corpus by which he seeks release from custody pending his removal proceedings or, in the alternative, a bond hearing. Doc. 1 at 10. At the same time he filed his petition, he also filed the Emergency Motion for Temporary Restraining Order that is currently before the Court. Doc. 2. For the following reasons, Petitioner's Motion is **DENIED**.

Temporary restraining orders are "extraordinary equitable remed[ies] that [are] never awarded as of right." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To obtain such relief, the movant must "make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

*and* that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20) (emphasis added). "Thus, '[t]he party seeking a preliminary injunction bears the burden of justifying such relief.'" *A.C.L.U. Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)). Irreparable harm is an "indispensable" factor: "If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now*." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019).

Petitioner, currently detained at the West Tennessee Detention Facility, argues that "Petitioner Faces Imminent, Irreparable Harm" because, he claims, there is "the risk that Petitioner will be transferred outside the District during the pendency of his habeas proceedings is real and ongoing." Doc. 2 at 3. Petitioner points to a case where the Respondent transferred a petitioner out of the district following a stay of any transfer. *Id.* Petitioner is concerned that a transfer "would disrupt Petitioner's access to his existing counsel and impair the attorney-client relationship during active habeas proceedings." *Id.* As such, Petitioner seeks preventive relief to avoid any possible "delay, disruption, and additional litigation that remedial relief after an unlawful transfer necessarily entails." *Id.*

Petitioner's motion must be denied because he has failed to show irreparable injury.

*First*, Petitioner has offered no explanation—much less evidence—concerning how a transfer to another location will "impair" his "access to his existing counsel." And, in this era of electronic communication, there is no reason to think that it would. Indeed, his counsel is based out of New Jersey (Doc. 1 at 10); if Plaintiff can communicate with his New Jersey-based counsel from Tennessee, it seems near-certain that he can communicate with that counsel from elsewhere.

*Second*, and independently, transfer to another jurisdiction would not interfere with "active habeas proceedings," and certainly not in a way that amounts to irreparable injury. Petitioner filed

his Motion for Temporary Restraining Order at the same time he filed his habeas petition, meaning that no litigation relating to the habeas petition has yet occurred. It thus appears that the Motion aims not at protecting orderly adjudication of ongoing litigation, but rather at blocking an administrative transfer of Petitioner. If Petitioner has arguments as to why such a transfer is itself improper, he should make them directly, perhaps in a separate petition or other legal challenge. But he has not shown that any such transfer would amount to irreparable injury in the context of this brand new case.

Because Petitioner's conclusory and unsupported arguments fail to show a likelihood of irreparable harm, it is unnecessary for the Court to address the remaining TRO factors. *D.T.*, 942 F.3d at 327.

## **CONCLUSION**

For the foregoing reasons, the Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**IT IS SO ORDERED**, this 29th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

3